DECISION
Appellee, Janiero Dajuan Matthews, was indicted on one count of carrying a concealed weapon and one count of felonious assault, with two specifications, pursuant to R.C. 2941.145 and 2941.146. The jury convicted him of both counts. The trial court sentenced him to twelve months of incarceration for count one, carrying a concealed weapon, and six years for count two, felonious assault with an additional five years of actual incarceration for the specification on count two. Count one was ordered to run concurrent with count two and the gun specification was ordered to run consecutive with the other time. Appellant, the state of Ohio, filed a notice of appeal raising the following assignment of error:
 THE TRIAL COURT ERRED IN FAILING TO IMPOSE AN ADDITIONAL THREE YEARS OF ACTUAL INCARCERATION FOR DEFENDANT'S GUN SPECIFICATION CONVICTION UNDER R.C. 2941.145.
Matthews filed a notice of cross-appeal, raising the following assignment of error:
 The judgment of the trial court is contrary to the weight of the evidence.
The charges arose out of an incident occurring on July 25, 2000. Although not involved at the time of this incident, Matthews had been involved with Jacqueline Steward for six years and they had a three-year-old son together. Matthews lived in Youngstown and Jacqueline lived in Columbus with her parents. Matthews telephoned Jacqueline to discuss their son's upcoming birthday. Jacqueline testified that Matthews asked her about their relationship and she replied that she wanted to remain friends because he had anger management problems. After several telephone calls, Matthews became upset and threatened to kill her because she told him that she was seeing another man. Matthews called again and told Jacqueline that he would be in Columbus around 7:30 in the evening and he would kill her. Jacqueline then left the house for several hours. She called her mother and told her of the threats. Jacqueline testified that she then returned home and put her son in bed, told her father of the threats and left the house again.
Jacqueline's mother testified that her daughter told her about the threats. Matthews came to the house several times looking for Jacqueline. Jacqueline's father, Joseph W. Steward, testified that both his daughter and his wife told him about the threats Matthews had made. He took his shotgun onto the front screened-in porch to wait for Matthews. Steward testified that he saw Matthews cock his gun, take the safety off and put the gun in the back of his pants as he walked up the driveway. Steward stated that Matthews approached the porch steps and said "something smart." (Tr. 57.) As Matthews reached for his gun, Steward pushed open the screen door with his foot and shot Matthews in the shoulder. Matthews then ran and Steward followed him. A white Ford Probe was parked in front of the house next door and the two ran to it and Matthews started shooting at Steward. Matthews then ran down the street and continued shooting. He got into the passenger side of a car and, as it drove by Steward, Matthews continued shooting at Steward as he drove away. Jacqueline's mother called 911 when Matthews was shot. The parties stipulated at trial that both guns were operable.
The prosecutor, for the state of Ohio, contends by the assignment of error that the trial court erred in failing to impose an additional three years of actual incarceration for Matthews' gun specification conviction under R.C. 2941.145. The prosecutor argues the trial court should have imposed both a three-year term of actual incarceration for the firearm specification and a five-year term of actual incarceration for discharging a firearm while in a motor vehicle. Initially, we note that both sides have referenced the incorrect version of the statute. Both sides have quoted the version that was effective on March 23, 2000, rather than a later amended version effective May 17, 2000, which applies to appellant. R.C. 2929.14, effective May 17, 2000, provides, as follows:
 (D)(1)(a) * * * [I]f an offender who is convicted of or pleads guilty to a felony also is convicted of or pleads guilty to a specification of the type described in section 2941.141 * * *, 2941.144 * * *, or 2931.145 * * * of the Revised Code, the court shall impose on the offender one of the following prison terms:
* * *
 (ii) A prison term of three years if the specification is of the type described in section 2941.145 * * * of the Revised Code that charges the offender with having a firearm on or about the offender's person or under the offender's control while committing the offense and displaying the firearm, brandishing the firearm, indicating that the offender possessed the firearm, or using it to facilitate the offense;
* * *
 (c) * * * [I]f an offender who is convicted of or pleads guilty to a violation of * * * a felony that includes, as an essential element, purposely or knowingly causing or attempting to cause the death of or physical harm to another, also is convicted of or pleads guilty to a specification of the type described in section 2941.146
* * * of the Revised Code that charges the offender with committing the offense by discharging a firearm from a motor vehicle other than a manufactured home, the court, after imposing a prison term on the offender for the violation of section 2923.161 * * * of the Revised Code or for the other felony offense under division (A), (D)(2), or (D)(3) of this section, shall impose an additional term of five years upon the offender that shall not be reduced pursuant to section 2929.20, section 2967.193, * * * or any other provision of Chapter 2967. or Chapter 5120. of the Revised Code. * * *
* * *
 (E)(1) If a mandatory prison term is imposed upon an offender pursuant to division (D)(1)(a) of this section for having a firearm on or about the offender's person or under the offender's control while committing a felony, if a mandatory prison term is imposed upon an offender pursuant to division (D)(1)(d) of this section for committing a felony specified in that division by discharging a firearm from a motor vehicle, or if both types of mandatory prison terms are imposed, the offender shall serve any mandatory prison term imposed under either division consecutively to any other mandatory prison term under either division and shall serve all mandatory prison terms imposed under those divisions consecutively to and prior to any prison term imposed for the underlying felony pursuant to division (A), (D)(2), or (D)(3) of this section or any other section of the Revised Code and consecutively to any other prison term or mandatory prison term previously or subsequently imposed upon the offender. [Emphasis added.]
Although the legislature may have intended for a court to sentence an offender to both a three-year term of imprisonment and a five-year term of imprisonment, R.C. 2929.14(E)(1) refers to R.C. 2929.14(D)(1)(d), rather than (D)(1)(c), for the five-year term of imprisonment for discharging a firearm from a motor vehicle. The prosecutor argues that the reference in division (E)(1) is a typographical error and we should apply the legislature's true intention, citing Wickens v. Dunn (1942),71 Ohio App. 177. Although the legislature again amended the statute, effective March 22, 2001, and this version does refer to the correct section for discharging a firearm from a motor vehicle, in this case, we cannot change the wording of the statute to the detriment of Matthews. R.C. 2901.04 provides:
 (A) Except as otherwise provided in division (C) of this section, sections of the Revised Code defining offenses or penalties shall be strictly construed against the state, and liberally construed in favor of the accused.
Thus, in construing the sentencing statute in Matthews' favor, we find that the trial court did not err in refusing to impose consecutive additional sentences given the facts of this case. The prosecutor's assignment of error is not well-taken.
By Matthews' assignment of error, he contends that the trial court's judgment is against the manifest weight of the evidence. The test for whether a judgment is against the manifest weight of the evidence involves a limited weighing of the evidence by the court to determine whether there is sufficient, competent, credible evidence which could convince a reasonable trier of fact of appellant's guilt beyond a reasonable doubt. State v. Conley (Dec. 16, 1993), Franklin App. No. 93AP-387, unreported (1993 Opinions 5437). In State v. Thompkins (1997), 78 Ohio St.3d 380, 387, the Supreme Court of Ohio described the standard of review, as follows:
 * * * Weight of the evidence concerns "the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on the weighing the evidence in their minds, they shall find the greater amount of credible evidence sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its effect in inducing belief." (Emphasis added.) Black's [Law Dictionary (6 Ed. 1990)], at 1594.
Matthews argues that the evidence establishes aggravated assault, rather than felonious assault, because he acted under the influence of sudden passion or in a sudden fit of rage occasioned by Steward when Steward shot him in the shoulder.
Felonious assault prohibits a person from causing serious physical harm to another or from causing or attempting to cause physical harm to another by means of a deadly weapon or dangerous ordnance. R.C.2901.11(A). R.C. 2903.12 defines aggravated assault as follows:
 (A) No person, while under the influence of sudden passion or in a sudden fit of rage, either of which is brought on by serious provocation occasioned by the victim that is reasonably sufficient to incite the person into using deadly force, shall knowingly:
 (1) Cause serious physical harm to another or to another's unborn;
 (2) Cause or attempt to cause physical harm to another or to another's unborn by means of a deadly weapon or dangerous ordnance, as defined in section 2923.11 of the Revised Code.
In this case, several witnesses testified that they saw Matthews fire his gun at Steward, which is sufficient evidence of an attempt to cause physical harm to another by means of a deadly weapon. Matthews contends that Steward shooting his shotgun at him constituted serious provocation causing him to fire own his gun; however, Matthews created the situation. Matthews made several telephone calls threatening to kill Jacqueline, Steward's daughter. Steward testified that he saw Matthews cock his gun, take the safety off and place it in the back of his pants as he walked up the driveway and approached Steward. Steward also testified that he saw Matthews reach for his gun before Steward shot him. This evidence indicates that Steward did not create the situation in order to have seriously provoked Matthews, an element of aggravated assault. A judgment of aggravated assault was not proper. The judgment of felonious assault was not against the manifest weight of the evidence and Matthews' assignment of error is not well-taken.
For the foregoing reasons, both the state of Ohio's assignment of error and Matthews' assignment of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
 ______________ BOWMAN, J.
PETREE and LAZARUS, JJ., concur.